1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LARRY SERMENO,                        No.  2:17-cv-1418 AC P

12                    Petitioner,

13        v.                               ORDER AND FINDINGS AND
                                           RECOMMENDATIONS
14   SCOTT KERNAN, et al.,

15                    Respondents.

16

17        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.  In his application, petitioner alleges violations of the

19   Americans with Disabilities Act and his First Amendment right to access the courts; he appears to

20   allege that these violations interfered with his ability to properly pursue his petition in Sermeno v.

21   Spearman, No. 2:14-cv-2729 DB P (E.D. Cal.).  ECF No. 1.  He requests that the court vacate an

22   order, enter an order allowing him thirty days to amend, grant a motion, and order "review and

23   decision" within fifteen business days of the order.  Id. at 7, 21.  It appears he may also be

24   seeking compensatory damages.  Id. at 6.

25        Rule 4 of the Rules Governing Section 2254 Cases requires the court to summarily

26   dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that

27   the petitioner is not entitled to relief in the district court."  A habeas corpus petition is the correct

28   method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox,

                                          1

931 F.2d 573, 574 (9th Cir. 1991) (quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485 (1973)); 28 U.S.C. § 2254. "[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." <u>Ramirez v. Galaza</u>, 334 F.3d 850, 859 (9th Cir. 2003).

It is clear from the allegations and the requested relief that success on the merits of the petition will not necessarily spell speedier release for petitioner. The court therefore lacks jurisdiction and the petition should be dismissed. To the extent petitioner appears to be seeking some kind of action in <u>Sermeno v. Spearman</u>, No. 2:14-cv-2729 DB P (E.D. Cal.), that case is still pending and he must pursue relief by filing a motion for the relief he seeks in that case. To the extent petitioner is attempting to challenge his conditions of confinement, he must bring those claims in a civil rights action after the inmate grievance process has been properly exhausted.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the petition for writ of habeas corpus be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 1, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2